■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD JAMES LYALL, Appellant.— REYNOLDS, J. Appeal from an order of the County Court, Schenectady County, denying, without a hearing, appellant's motion to vacate a judgment convicting him of burglary in the third degree and grand larceny in the first degree. In *People* v. *Boundy* (10 N Y 2d 518, 521) the Court of Appeals stated that while " The fact that defendant had a previous history of mental disturbance does not in itself prove that he was insane at the time of this judgment (*People* v. *Flora*, 306 N. Y. 615). * * * where there is some proof that a defendant was in fact insane at the time of

plea a *coram nobis* application should not be denied without trial (*People* v. *Smyth,* 3 N Y 2d 184, 187)." Here in addition to a lengthy confinement at Dannemora and Utica State Hospitals during a prior conviction, the record reveals that only two days after appellant's conviction in 1966 for the crimes with which we are concerned herein, appellant was placed in an observation cell in Dannemora State Prison where he remained for a period of 18 days, that he was subsequently classified as mentally ill and that finally he was transferred to Dannemora State Hospital on August 3, 1966 where he presumably still remains (see *People* v. *Haynes,* 30 A D 2d 705). There allegedly was no questioning with respect to the issue of appellant's sanity by the court or counsel during his arraignment, plea or sentencing and no sanity hearing; pursuant to section 658 of the Code of Criminal Procedure was held. Accordingly, on the basis of the record before us, we believe sufficient evidence has been produced to warrant a hearing as to appellant's sanity at the time of his plea of guilty and sentencing and, therefore, the determination below should be reversed and the case remitted to the County Court, Schenectady County, for a hearing on the issue of appellant's alleged mental incompetence at the time of plea of guilty and sentence. Order reversed, on the law and the facts, and case remitted to the County Court, Schenectady County, for a hearing solely on the issue of appellant's mental incompetence at the time of his plea of guilty and sentence. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.